Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AMY KATHRYN EDWARDS, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>LEGACY HEALTH, a corporation,<br><br>　　　　　　　　Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $200,000.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Amy Edwards, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

**INTRODUCTION**

This case is about the Plaintiff and the unlawful religious discrimination she suffered at the hands of her employer, Legacy Health, in the context of the COVID-19 pandemic and vaccine mandates.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Amy Edwards, lives in Molalla, Oregon. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon, and has its headquarters in Vancouver, Washington. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about September 23, 2022.

2.

At all material times, Plaintiff was a resident of Clackamas County, Oregon and worked in Marion County, Oregon.

3.

At all material times, Defendant Legacy Health was regularly conducting business in the State of Oregon, specifically at the Silverton Medical Center, Silverton, facility.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

5.

Plaintiff began working at Silverton Hospital in 2006 as a Financial Advisor and Front Desk Coordinator at the Defendant's facility in Silverton, Oregon. In 2018, Plaintiff transitioned to the Patient Business Services Department, where she worked on referrals and prior authorizations, before advancing to Charge posting.  At the time she was terminated, Plaintiff was in charge of all Defendant's Dever's Ophthalmology Clinic's Charges. Plaintiff always received excellent reviews and worked without issue until the COVID-19 pandemic.

6.

Plaintiff is also deeply religious Christian who is devoted to her faith. Plaintiff is dedicated to following the tenets of her faith to the best of her ability.

7.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with her work requirements.

8.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities.  In March 2020, Plaintiff was sent home to work remotely in anticipation of the lock down due to the pandemic.  She continued to work remotely and had no contact with co-workers or patients.

9.

In the summer of 2021, Plaintiff was notified that Defendant Legacy Health would be implementing and enforcing a vaccine mandate in the workplace. There would be no exceptions for remote workers, such as Plaintiff.  Plaintiff was informed that those individuals with religious beliefs in conflict to the vaccine and/or to the taking of the vaccine could apply for religious exceptions. As a devout Christian, Plaintiff had serious objections to taking the vaccine because she believes that doing so would be committing a sin, grieve the Holy Spirit and jeopardize her relationship with God.  Her faith also dictates that abortion is murder, so the use of fetal cell lines from abortion, used to develop or test the COVID vaccines, violates her sincerely held belief that to cooperate with or be involved with an abortion in any way, however remote, is a sin against God and a violation of His Commandments, for which she would be held morally accountable.

10.

On or about August 29, 2021, Plaintiff filed the formal paperwork for a religious

exemption, including a letter from her Pastor, and anticipated it would be granted.

11.

On September 27, 2021, Plaintiff was notified that her religious exemption had been denied and that she would be placed on unpaid administrative leave as of October 1, 2021.

12.

Plaintiff was encouraged by her manager to appeal the religious exemption denial and did so on October 6, 2011. On October 11, 2011, Defendant confirmed that her denial stood. On October 19, 2021, Defendant terminated Plaintiff.

13.

Plaintiff applied for unemployment and underwent a review process to see if she was eligible. After a few weeks, unemployment was granted, with the findings stating "You were employed by Legacy Silverton Health until October 19, 2021, when you were fired because you violated an employer policy. This is not a willful or wantonly negligent violation of the standards of behavior an employer has the right to expect because you could not get the Covid-19 vaccine, due to a sincerely held religious belief."

14.

The termination of Plaintiff's pay and medical benefits caused a significant negative impact in her life, as she had provided health and life insurance for her entire family. Plaintiff had accrued over 400 hours of paid time off, prior to her unpaid leave, which she was forced to cash out.

14.

Plaintiff was able to obtain employment where her religious exemption is accepted, but where she had to take a pay cut in her current job equaling a deficit of $3.61 hourly.

15.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, that Plaintiff, by working remotely, suddenly

created an "unacceptable health and safety risk" necessitating her being placed on unpaid administrative leave, followed by termination. In early 2022, Defendant's COVID policy changed again, requiring employees to show up to work even if they had been exposed to COVID-19 if their symptoms were manageable with over-the-counter medications.

16.

Plaintiff's termination date should be treated as August 31, 2021, based on the Defendant's termination of Plaintiff's pay.

17.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff were not, as claimed, to protect against an "unacceptable health and safety risk." Instead, those actions were discriminatory against Plaintiff based on her sincerely held religious beliefs and retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant with no undue burden on it that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

18.

Because of the Defendant's unlawful termination of Plaintiff, Plaintiff has suffered economic loss and emotional distress. She also has been ostracized and stigmatized unfairly for her religious convictions.

**FIRST CLAIM FOR RELIEF**

**(Unlawful Employment Discrimination Based on Religion**

**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

19.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

20.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

21.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue to work remotely, or to work with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate, and as her current employer is allowing.

22.

Instead of finding a reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

23.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of no less than $50,000.00 in economic damages, or a different amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

**SECOND CLAIM FOR RELIEF**

**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**

**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

24.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

25.

Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

26.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue to work remotely, or to work with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate, and as her current employer is allowing.

27.

Instead of finding a reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

28.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $50,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following

relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $100,000.00.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 9th day of December, 2022.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff